UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Kathleen E. Rodriguez, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. 3:05-cv-00082 |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

*SUMMARY OF DECISION*

Because there is substantial evidence in the record as a whole supporting the Commissioner's final decision the Defendant's Motion for Summary Judgment is GRANTED and the Plaintiff's Motion for Summary Judgment is DENIED.

*STATEMENT OF THE CASE*

This is a proceeding under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433 and 42 U.S.C. §§ 1381-1383(c) wherein the claimant seeks judicial review of the final determination of the Commissioner of Social Security finding that she was not entitled to disability insurance benefits (hereafter "DIB"). The Plaintiff filed for DIB and under the act

1

alleging that she became disabled on July 29, 1999 due to a history of left foot surgeries with residual foot problems which caused low back pain. ( Tr. pp.70-72, 96).  Her application was initially denied ( Tr. pp. 30-42) and upon reconsideration (Tr. pp. 45-48).  A request for an administrative hearing was timely made and a hearing was held before the Administrative Law Judge (hereafter "ALJ") on December 10, 2002 (Tr. pp. 402-21).  A supplemental hearing was held on May 28, 2003. Tr. pp. 422-35).  The ALJ considered the evidence presented and issued an unfavorable decision on June 10, 2003. (Tr. pp. 17-25).  The ALJ found that although the Plaintiff suffered from the following severe medical impairments, left neuropathic pain on the left foot, lumbar spondylosis, muscle spasms, facet joint syndrome at L4-L5 and L5-S1 and sacroiliitis (Tr. 24), she was not disabled because she retained a residual functional capacity to perform sedentary work. (Tr. 24).  While claimant cannot return to her former work as a cosmetician, tagger, cashier, shipping and receiving clerk and stacker, she can perform as an order clerk, quotation clerk and dresser.  (Tr. 25).  Further such jobs exist in significant number in the regional and national economy. (Tr. 25).  Rodriguez sought review by the Appeals Council, which was denied on February 10, 2005 (Tr. pp. 5-8).  The decision of the ALJ became the final decision of the Commissioner by operation of law.  See, 42 C.F.R. § 404.981 (2005).  Plaintiff seeks judicial review having exhausted her administrative remedies under 42 U.S.C. 405(g).  She now moves for summary judgment.  Docket #7.  The Commissioner also moved for summary judgment. Docket # 9.

Plaintiff was 41 years old on the date she alleges she became disabled and was 44 years old at the date of the ALJ's decision.  (Tr. 70).  She graduated frm high school, attended college for two and one-half years and has worked as a cosmetician, scan coordinator, cashier, warehouse worker and stocker.  (Tr. 83, 97).  She currently resides in Jamestown, North Dakota.  (Plaintiff's

Brief p. 1).

On June 9, 1999 Plaintiff had surgery on her left foot because of pain in her heel. (Tr. 178-179). She stated that she worked on her feet twelve hours a day at an Albertson's store in Texas. (Tr. 178). She had follow up visits in August and September of 1999. (Tr. 176). Though she had improvement in the following weeks she had continued pain. (Tr. 175). Her problems continued and were documented in office visits in November and December. (Tr. 263). When Plaintiff had continued pain in January 2000 Dr. Miles performed a second surgery on February 15, 2000. (Tr. 172). Plaintiff's foot showed muscle swelling and thickening around her plantar fascia. (Tr. 172). During the spring of 2000 Plaintiff continued to see Dr. Miles and had some improvement. (Tr. 170). She continued to have pain and suffered from a limp. (Tr. 169). Dr. Miles ordered physical therapy and referred her to a pain management specialist. (Tr. 169, 159). Dr. Hede, her pain management doctor, recorded complaints of continued pain relieved only by taking pressure off the foot. (Tr. 205). By July 19, 2000 she had shown some improvement and was able to walk two miles without pain. (Tr. 151). She had pain in the foot when palpated and pain in her back. (Tr. 151). Dr. Hede gave her a spinal block reported on August 9, 2000 which gave Plaintiff no reported relief whatsoever. (Tr. 151).

In November of 2000 Plaintiff had a plantar nerve block from Dr. Hede . (Tr. 201). The procedure provided relief. (Tr. 200). She returned to Dr. Hede in December 2000 with tenderness in her foot. (Tr. 199). At that time she could put some weight on the foot but suffered from low back pain. (Tr. 199). He found lumbar and paraspinal tenderness and directed Plaintiff to exercise to strengthen her back. (Tr. 200). She reported back to Dr. Miles on January 2,2001 and indicated a 50% reduction in pain. (Tr. 148). Dr. Hede provided another neurolytic block to the plantar nerve on January 8, 2001. (Tr. 198). She had another injection intop the peripheral and

lesser plantar nerves for relief from her continued foot in April of 2001. (Tr. 196). Her complaints of pain continued and on May 9, 2001 Dr. Hede prescribed pain medication for Plaintiff. (Tr. 194). On June 14, 2001, John Durfor, a state agency physician reviewed Plaintiff's records and determined that Plaintiff could perform a light range of work. (Tr. 181). On July 9, 2001, Plaintiff returned to Dr. Hede and reported no relief from the pain. (Tr. 191). X-rays taken at that time showd degenerative disc and facet disease and a bone scan of her feet on September 24, 2001 revealed probable degenerative changes to Plaintiff's first metatarsalphalangeal joints. (Tr. 208).

On October 10, 2001 and November 12, 2001 Dr. Hede reported Plaintiff got relief from Topomax and he also suggested aquatic exercises. (Tr. 334, 188). She returned to Dr. Miles on November 20, 2001 still suffering left foot pain. (Tr. 340). He did a left tarsal tunnel release on Plaintiff's left foot which provided relief when he discussed the surgery with her a week later. (Tr. 371). In her office visits following Plaintiff reported that she was doing well and walking with a walker. (Tr. 370). At a follow up visit Dr. Miles noticed that she walked on her left toes instead of putting pressure on her heal. (Tr. 370). She was told to consider a job which allowed her to remain seated during the work day. (Tr. 370). Plaintiff continued to see Dr. Miles, seeing him in March, April and July. (Tr. 368, 367, 365). On September 16, 2002, Plaintiff complained of pain radiating up her leg and into her hip. (Tr. 354). On November 4, 2002 Dr. Miles noted that the treatments had not provided significant relief. (Tr. 353). He suggested another surgery. (Tr. 353). That same day Dr. Miles completed a "Medical Source Statement" finding that Plaintiff could walk no more than one hour out of an eight hour day, needed to use a cane and could occasionally lift up to five pounds. (Tr. 350-351). She also needed to rest four hours out of an eight hour day. (Tr. 351). On November 6, 2002, Dr. Campos completed a similar form

with similar findings and in addition Plaintiff needed to elevate her leg to chest level and lie down for four hours in an eight hour day. (Tr. 377). Both found that her condition had existed since July 29, 1999. (Tr.353, 378).

Plaintiff's hearing before the ALJ Judge was held on December 10, 2002. (Tr. pp. 402-421). The ALJ concluded that a neurological exam was in order and continued the hearing to allow for the exam. (Tr. 419). Plaintiff went to Dr. DeVere for the exam on January 14, 2003. Tr. 379). Dr. Devere found Plaintiff had normal strength in her extremities. (Tr. 380). He found no evidence of tenderness or spasm in her lumbar spine but found mild lumbar strain due to walking on a flexed left foot. (Tr. 382). He assessed foot pain but found no evidence of a neurological source. (Tr. 382). He found she suffered from chronic pain syndrome. (Tr. 382). He did an assessment of her ability to do work related activity. He found she could lift 20 pounds occasionally and 10 pound frequently. (Tr.387). He found she had the ability to sit which was unaffected by her impairments. (Tr. 387). He further found she could stand or walk less than two hours in an eight hour day and could never climb, balance or crawl. (Tr. 387).

Plaintiff had an x-ray on January 15, 2003 which showed a moderate hallux valgus abnormality at the first tarsometatarsal joint but no other abnormalities. (Tr. 384). An MRI of her lumbar spine revealed degenerative changes including a protrusion at L4-5 and bulging and spurring at L5-S1. (Tr. 395). A lumbar discography conducted on May 5, 2003 revealed degeneration and spondylosis of the lumbrsacral spine with a possible annular tear. (Tr. pp. 390-391). A CT scan disclosed a tiny annular teat at L3-4 with disc bulging but no definite nerve root deformity or stenosis, a right annular tear at L4-5 which mildly flattened the L5 nerve root and significant spondylosis at l5-S1. (Tr. 291).

Plaintiff was seen by Dr. Cartwright, M.D. on May 12, 2003. (Tr. 400). He found low back pain, an antalgic gait and a limited range of motion. (Tr. 400). He found chronic low back pain and found the Plaintiff not employable doing anything other than sedentary work with frequent breaks and possibly limited hours. (Tr. 400).

At the two hearings Plaintiff testified that she had constant foot pain and swelling. (Tr. 409, 425). She related that she kept her foot elevated seven hours per day and needed help with her housework. (Tr. 413). She stated that she could not sit for long periods of time and needed to change positions. (Tr. 415). At the supplemental hearing she testified that her foot pain prevented her from performing a job even if she was seated most of the time. (Tr. 425).

Tom King, a vocational expert, testified at the hearing. (Tr. 431) King testified that Plaintiff could perform about 70% of the sedentary, unskilled work base. (Tr. 433). He stated that the jobs of order clerk, quotation clerk and addresser were available in the regional economy. (Tr. 433).

Following a close of the evidence the ALJ found that despite the Plaintiff's impairments she retained the residual functional capacity to perform sedentary work with the option to sit or stand at will. (Tr. 21, 34). Plaintiff is unable to perform her past work but work but could perform other jobs existing in the national economy. (Tr. 24-25). Thus Plaintiff is not disabled under the Act. (Tr. 24-25).

## *DISCUSSION*

The standard of review applied to determinations of the Commissioner is deferential, and the Commissioner's findings are to be affirmed if supported by substantial evidence in the record as a whole. Dixon v. Barnhart, 353 F.3d 602, 604 (8th Cir. 2003). Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the

Commissioner's decision. Sultan v. Barnhart, 368 F. 3d 857, 862 (8th Cir. 2004). In order to determine whether evidence is substantial, the court considers "evidence that detracts from the commissioner's decision as well as the evidence that supports it." Id. at 863. The Commissioner's decision is not subject to reversal simply because the reviewing court would have reached a different conclusion or because substantial evidence also exists which would support a contrary outcome. Id. If after review the court is capable of drawing two inconsistent positions and one of those positions represents the Commissioner's findings, the decision must be affirmed. Dixon v. Barnhart, 353 F.3d 6602, 605 (8th Cir. 2003).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). If the claimant succeeds, the burden of persuasion shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful employment in the national economy. Clark v. Shalala, 28 F.3d 828, 830 (8th Cir. 1994).

The claim is analyzed pursuant to a five-part test: (1) is the claimant currently engaged in substantial gainful activity? (2) Does the claimant have a severe impairment or combination of impairments? (3) Does the impairment meet or equal an impairment listed at 20 C.F.R. pt. 404, Subprt. P, app. 1? (If so, disability is automatic); (4) Does the impairment prevent the claimant from doing past relevant work? And (5) Does the impairment prevent the claimant from performing any other work that exists in the regional or national economy in significant numbers. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See, 20 C.F.R. §404.1520 (2002). When a determination that an individual is or is not disabled can be made at any step, evaluation under a

7

subsequent step is unnecessary.  See, Bartlett v. Heckler, 777 F.2d 1318, 1319 (8th Cir. 1985).  At the final stage only is it permitted to consider the claimant's age, education and work experience in light of his or her residual functional capacity.  McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §404.1520 (2002).

The record supports the ALJ's findings that Plaintiff has not engaged in substantial gainful activity since the onset of her alleged disability.  The record also supports the ALJ's conclusion that the claimant cannot do her past relevant work as a cosmetician, tagger, cashier, shipping and receiving clerk and stacker.  Finally the record supports the ALJ's conclusion that Plaintiff has the residual functional capacity to perform sedentary work and that she could perform the jobs of order clerk,, quotation clerk and dresser, all jobs existing in significant numbers in the regional and national economies.

It is undisputed that Plaintiff suffers foot and back impairments and resulting pain.  Commissioner's brief Docket 9, p.15.  The  fact that working may cause pain or comfort does not mandate a finding of disability.  Craig v. Apfel, 212 F3d 433,436 (8th Cir. 2000).  The ALJ found that Plaintiff could perform sedentary work.  This conclusion is supported  by the testimony of neurologist Dr. DeVere.  (Tr. 379).  It is not directly contradicted by Dr. Miles the treating doctor who found only that she could walk or stand for less than one hour in an eight our day. (Tr. 352).  He also suggested that she seek retraining so she could perform a job while seated.  (TR. 370).  It is further supported by Dr. Cartwright who concluded that Plaintiff could perform sedentary work.  (Tr. 400). Finally Dr. Goldstein, the medical expert at the hearing concluded that Plaintiff was able to perform sedentary work without periods of continuous standing.  (TR. 427-428).  The court does not believe these opinions contradict each other.  Even if they do not completely agree  the ALJ is charged with the duty toe weigh the conflicting evidence and reach his conclusions. Therefore the

court believes substantial evidence supports the findings of the ALJ.

The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing, and the additional medical and documentary evidence.  It is worthy of note that the standard of review is deferential and that it is not proper for the Court to substitute its own notions of the evidence and it's import so long as there is substantial evidence in support of the Commissioner's findings in the record as a whole.  Dixon v. Barnhart, 353 F.3d 602, 604 (8th Cir. 2003).   As a result of the Court's review, the Court concludes that there is substantial evidence in the record as a whole to support the ALJ's decision.

**IT IS HEREBY ORDERED** that the Plaintiff's motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant's motion for summary judgment is **GRANTED.**

Dated this 29th day of September, 2006, at Fargo, North Dakota.

*/s/ Ralph R. Erickson*
_____
RALPH R. ERICKSON, JUDGE
U.S. DISTRICT COURT

=